The State of Texas v. William Steele.

(Case No. 4522.)

1. APPROPRIATION — SALARY.— The appropriation of a less sum than is fixed by general law as the salary of an officer does not operate as a repeal or amendment of the act fixing the salary.

2. SALARY OF ADJUTANT-GENERAL.— The act fixing the salary of the adjutant-general at $3,000 per annum remained in force until reduced by the Revised Statutes, art. 4667, notwithstanding appropriations for a less sum made by the legislature.

3. SERVICE OF CITATION — SUIT AGAINST THE STATE.— In a suit against the state, brought under an act of the legislature allowing such suit, but not prescribing the mode of service of citation, service upon the governor or attorney-general is properly made.

4. ESTOPPEL.— The acceptance of an amount less than the salary under an appropriation of such less sum, does not estop the officer from claiming the full amount of the salary, in a suit allowed by legislative act, to ascertain what, if any, may be owing such officer.

APPEAL from Travis. Tried below before the Hon. A. S. Walker.

Suit was brought under authority of "An act to ascertain what, if any, unpaid balance of salary is due Gustave Cook, as judge of the criminal district court of Galveston and Harris counties, and William Steele, late adjutant-general of the state of Texas, and making an appropriation therefor," approved April 4, A. D. 1881, and taking effect ninety days after adjournment, by William Steele, for an alleged balance of salary due him as adjutant-general, from the 1st day of September, A. D. 1876, up to, and including, the 28th day of January, 1879; he having received pay for that period of two years, four months and twenty-eight days, at the rate of $2,500 per annum, which, on the contrary, he claims should have been paid to him at the rate of $3,000 per annum.

Defendant pleaded in abatement:

1. That the court had no jurisdiction; that as the act of April 4, 1881, had not provided for service to be had on any person, that the service had therein should be vacated.

2. That plaintiff's pleadings were insufficient in law, and generally and specially denied the allegations contained in plaintiff's petition.

To this answer plaintiff demurred.

On the 21st day of November, 1881, the cause was tried by the court, and defendant's plea in abatement and demurrer to plaintiff's petition were overruled, the plaintiff's demurrer to defendant's answer was sustained, and judgment rendered for plaintiff against the state of Texas, defendant, for the sum of $1,201.67.

From all the rulings of the court and its judgment plaintiff appealed.

*J. H. McLeary*, Attorney General, for the state.

I. Only such service as is authorized by law, and on parties designated by law to receive such service, is sufficient to support a judgment taken by default. R. S., arts. 1215, 1282.

II. Had the parties cited failed to answer, no judgment could have been taken against the state of Texas by default. Thompson *v.* Bishop, 24 Tex., 303.

III. A statute merely prescribing a salary for an official position, not especially defined by any constitutional provision, is subject to revision and repeal by the legislature. Kilgore *v.* Mayer, 85 Pa., 401.

IV. The petition fails to deny the right of the legislature to diminish the salary of the incumbent of an official position during his term of office. State *v.* Gales, 77 N. C., 283.

V. Defendant's answer states substantially a good ground of defense.    Cunningham v. Wheatley, 21 Tex., 184; Boynton v. Tidwell, 19 Tex., 121; Gaines v. Salmon, 16 Tex., 312; Holleman v. Rogers, 6 Tex., 95.

VI. To reach any supposed defects in the defendant's answer they should have been specially pointed out.    State v. Williams, 8 Tex., 255; Boynton v. Tidwell, 19 Tex., 118.

VII. The act of the fifteenth legislature, set out in chapter 147 in proceedings of its session, was constitutional.    Giddings v. San Antonio, 47 Tex., 550.

VIII. The legislature has the power to reduce the salary of any of the state officers, if such reduction was not inhibited by the constitution.    Kilgore v. Mayer, 85 Pa., 451; State v. Von Baumbach, 12 Wis., 310; People v. Morrell, 21 Wend., 563–576; State v. Douglas, 26 Wis., 428, and 7 Am. Rep. 87–90, note on page 90.

IX. The legislature, by its act approved February 26, 1879, reduced the salary of plaintiff; that the reduced rate was paid him and received by him.    People v. Board of Police, 19 N. Y., 653.

X. The appropriating of a sum of money by the legislature to pay the salary of a state's officer, when there is no special constitutional provision inhibiting such salary from being changed, designates the amount of the salary annexed to such office, and repeals any previous provision.    Acts 1876, p. 250; U. S. v. Ashfield, 91 U. S., 317; Const., sec. 44, art. 3.

XI. Under the constitution, the act of the fifteenth legislature, which became law on the 21st of August, 1876, being chapter 147 thereof, determined the amount of salary to which the adjutant-general was entitled.    Const., sec. 44, art. 3.

XII. An appropriation being necessary before any moneys can be drawn out of the state treasury, the act fixing the salary must be controlled by the act making the appropriation for the payment thereof.    2 Pasch. Dig. of Laws, art. 7143; State v. Weston, 6 Neb., 16; ch. 149, Acts 1876.

XIII. An appropriation bill controls and repeals a former act of the same nature in conflict with it.    United States v. Ashfield, 91 U. S., 317; Dash v. Van Kleeck, 7 Johns., 497; Columbus Manufacturing Co. v. Vanderpool, 4 Cow., 556; Livingston v. Harris, 11 Wend., 329.

XIV. The acceptance of an office, performance of its duties, and receiving the salary appropriated by later act than that creating the office, estops such officer from demanding any further or higher pay

for the services performed. People *v.* Board of Police of New York, 19 N. Y., 653.

XV. Any decisive acts of the party, done with knowledge of his rights and of the fact, determines his election and works an estoppel. Bigelow on Estoppel, pp. 503, 511; authorities in note 2, p. 511.

*Carlton & Morris,* for appellee

GOULD, CHIEF JUSTICE.— At the time the present constitution took effect William Steele was adjutant-general of the state, the law theretofore in force prescribing of that officer that " His salary shall be three thousand dollars per annum." Pasch. Dig., art. 7143. He continued to hold that office up to January 28, 1879, but after August, 1876, only $2,500 per annum was appropriated by the acts making appropriations for the support of the state government, for the salary of the adjutant-general, and Gen. Steele, of course, received only the amount so appropriated. This suit was brought under authority of an act approved April 4, 1881, authorizing the institution of suit against the state to ascertain " what amount, if any, is due " him as adjutant-general between September 1, 1876, and January 28, 1879. The argument in support of the claim that Gen. Steele was entitled to $3,000 per annum during that period is, that the law fixing the salary at $3,000 continued in force under the present constitution, which says: " All laws and parts of laws now in force in the state of Texas, which are not repugnant to the constitution of the United States or to this constitution, shall continue and remain in full force as the laws of this state, until they expire by their own limitation, or shall be amended or repealed by the legislature." Const., art. 16, sec. 48.

It is denied that the law fixing the salary at $3,000 was repealed by the acts making appropriations for the support of the state government, for it is said there is no express repeal, nor is there any manifest repugnancy in those laws. Reasons might exist for appropriating less than was known to be due, or the deficiency of the appropriation might be the result of mistake. It is not the policy of the law to leave the salaries of state officials to be fixed only where the appropriations are made for their payment. Nor is it consistent with constitutional requirements to allow the law declaring that the salary of the adjutant-general shall be $3,000 per annum, to be amended so as to make the amount $2,500, unless the section as amended " be re-enacted and published at length." Const., art. 3, sec. 36. These considerations tend strongly to the conclusion that the failure of the legislature to make ade-

quate appropriations for the salary of the adjutant-general as fixed by law, did not operate a repeal or amendment of that law, or defeat that officer's right to the full salary as fixed by the statute.

On the other side, reference is made to the constitution, sec. 44, art. 3, as follows: "The legislature shall provide by law for the compensation of all officers, servants, agents and public contractors, not provided for in this constitution, but shall not . . . grant by appropriation or otherwise any amount of money out of the treasury of the state, to any individual, on a claim, real or pretended, where the same shall not have been provided for by pre-existing law; nor employ any one in the name of the state, unless authorized by pre-existing laws." As the constitution is silent about the adjutant-general and his salary, and as no other law, previous to the Revised Statutes, was enacted, under the constitution, fixing the compensation of the adjutant-general, it is said that the salary of that officer must be fixed by the appropriation acts. The constitution, it is said, adopted a system of reduced salaries, and it devolved on the legislature the duty of conforming the compensation of officers not provided for in the constitution to the same economical standard. This argument is not without force. But plainly in cases where the legislature failed to enact laws changing the compensation of officers whose pay was not specified in the constitution, that compensation remained as fixed by former laws. We are left to conclude that the legislature has simply been tardy in conforming the compensation of the adjutant-general to the standard of the constitution, or, on the other hand, to give to the appropriation acts a construction and effect not in accordance with the policy of fixing the compensation of officials by pre-existing law, as indicated in the section of that instrument last cited, and in contravention of the mode prescribed for the amendment of statutes. In our opinion, the latter alternative must be rejected, and the conclusion adopted that the law fixing the salary of the adjutant-general at $3,000 per annum remained in force until the Revised Statutes reduced the salary to $2,000. R. S., art. 4667.

It is deemed unnecessary to notice the objections to the service further than to say that the court did not err in holding that the state was properly brought into court by service on the governor and attorney general. Wheeler v. State, 8 Tex., 230; Chisolm v. Georgia, 2 Dall., 419–452. Nor do we think it important to say anything further in regard to the defense of estoppel, than that it was manifestly insufficient. The judgment is affirmed.

AFFIRMED.

[Opinion delivered June 2, 1882.]