

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXON
ATTORNEY GENERAL

Honorable L.A. Woods
State Superintendent of Public Instruction
Austin, Texas

Attention:  MR. John Olsen

Dear Sir:

Opinion No. 0-4524
Re:  Transfer of school district
under Rural Aid Bill of 47th
Leg.

We have received your letter of recent date in which you ask the legality of certain language appearing in Article VIII of the Rural Aid Bill, H.B. 284, Ch. 549, Acts 47th Leg., R.S. Sections 1 and 2 of Article VIII appear as follows, and the language in which you are interested is underscored:

"Section 1.  For the school year 1941-42, upon the agreement of the Board of Trustees of the districts concerned or on petition signed by a majority of the qualified voters of the district and subject to the approval of the County Superintendent, State Superintendent, and Joint Legislative Advisory Committee, the trustees of a district which may be unable to maintain a satisfactory school may transfer its entire scholastic enrollment, or any number of grades thereof, to a convenient school of higher rank, and in such event, all of the funds of the district, including the State Aid to which the district would otherwise be entitled under the provisions of this Act, or such proportionate part thereof as may be necessary shall be used in carrying out said agreement; provided that no aid shall be allowed for teachers that are not actually employed in the contracting schools.

"Sec. 2.  For the school years thereafter, upon the agreement of the Board of Trustees of the districts concerned or on petition signed by a majority of the qualified voters of the district and subject to the approval of the county superintendent, and the State Superintendent, a district which may be unable to maintain a satisfactory school may

transfer its entire scholastic enrollment for one year to an accredited school of higher rank. <u>If the receiving school receives State Aid, the scholastic census rolls both white and colored shall be combined, the per capita apportionment shall be paid direct to the receiving school</u>, all local taxes of the sending contracting district, except those going to the interest and sinking fund shall be credited to the receiving school by the Tax Collector as collected, and the teacher-pupil quota shall be based on the combined census total. If the receiving school is not a State Aid school, the scholastic census rolls both white and colored shall be combined, the per capita apportionment shall be paid direct to the receiving school, all local taxes of the sending contracting district except those going to the interest and sinking fund shall be credited to the receiving school by the Tax Collector as collected, and the sending contracting district will be eligible for as much Salary Aid as is necessary to supplement the State Available and local Maintenance Funds, on the scholastics from the sending district attending a school in the receiving district, to cover the approved cost of instruction per scholastic in the receiving school, provided that such approved cost shall not exceed Seven Dollars and Fifty Cents ($7.50) per month for high school students or Five Dollars ($5.00) per month for elementary students."

You wish to know whether the underscored language is consistent with the general law. It is well settled that the Legislature may not in an appropriation repeal or amend a general statute. State v. Steele, 57 Tex. 200; Linden v. Finley, 92 Tex. 451; Opinions No. 0-700, No. 0-2573, No. 0-2250. But is the present Rural Aid Bill merely an appropriation act, or is it a statutory enactment on a parity with other similar enactments? We are inclined to the latter expressed view, and the fact that it is likely to be superseded by another rural aid bill by the next Legislature does not change us in reaching such a conclusion.

It is too elementary to require citation of authority that the primary consideration in the construction of a legislative enactment is the intent of the Legislature itself. Therefore, let us examine the act under consideration in order to ascertain the intent of the Legislature. The first clause of the caption reads:

"An Act providing for a more efficient Public School System in Texas; . . . ."

Thus, we see that the purpose of the act is a general one: namely, to provide a more efficient public school system. Further along in the caption we see:

> ". . . .providing for a system of con-
> tract schools as same applies for the school
> year ending August 31, 1942, and a different
> system of contract schools for the school
> years thereafter; providing for a method of
> contracting such schools; . . . ."

This provision obviously refers to Article VIII which provides "for a system of contract schools." The language of Article VIII which you question reads:

> "If the receiving school receives State
> Aid, the scholastic census rolls both white
> and colored shall be combined, the per capita
> apportionment shall be paid direct to the re-
> ceiving school . . . ." (Emphasis supplied)

It must be remembered that Article VIII expressly applies to the transfer of the entire scholastic enrollment of a school district for a school year, and it would not apply unless such entire enrollment were transferred. The first thing to deter-mine is the meaning to be given the phrase to the effect that the census rolls shall be "combined." Combine is defined as follows:

> "To unite or join; to link closely together
> . . .." (Webster's New International Dictionary,
> Second Edition, 1938)

It is our opinion that this provision means nothing more than that the census rolls shall be combined or joined or linked together for the purpose of ascertaining the total num-ber of scholastics. In other words, the census is to be taken as provided by law; then under this provision the census rolls need be nothing more than attached together. This conclusion is made apparent by the next clause that the "per capita appor-tionment shall be paid direct to the receiving school." Per capita apportionment is paid upon the basis of number of scho-lastics. Therefore, the combination of the rolls is merely to show the number of scholastics upon which the per capita is to be paid.

You cite in your letter Article VII, Section 5 of the Constitution of Texas, which provides that the available school fund shall be distributed to the several counties according to their scholastic population, in connection with the provision

that the per capita apportionment shall be paid direct to the receiving school. You raise the question of the constitutionality of this provision in view of the fact that the contracting schools may be in different counties.

We are of the opinion that this provision does not violate Article VII, Section 5 of our Constitution. As we have hereinbefore stated, the census is to be taken under the appropriate statutes (Arts. 2816, et seq., V.A.C.S.) In other words, the census rolls will show the county where the scholastics actually reside, and the per capita apportionment will be paid on this basis. The State Superintendent will deduct from the per capita apportionment the amount necessary for the maintenance of the county superintendent's office, and remit such amount to the county depository. (Acts 2827a, 2700. 1, V.A.C.S.), and the remaining part of the per capita will be paid direct to the receiving school. In other words, the procedure set up is for the purpose of simplification and eliminating a step. Instead of the money's being sent to the depository of the sending school and then transferred to the receiving school, the money is sent direct to the depository of the receiving school. Thus, the per capita is paid as in any other transfer instance. It follows that the terms of Section 5 of Article VII are not violated.

It may be possible that this provision is subject to a construction which would be inconsistent with the terms of the Constitution. However, it is certainly subject to the interpretation which we have given it; and it is well settled that when a provision is subject to two constructions, one constitutional and the other unconstitutional, the construction consistent with the constitution will be given to such provision. 39 Tex. Jur. 206.

In view of the foregoing you are respectfully advised that those provisions of Section 2, Article VIII of the current Rural Aid Bill relating to the combining of the census rolls and the payment of per capita apportionment are valid enactments properly within the legislative prerogative.

Very truly yours

GWS:ff:wc                                   ATTORNEY GENERAL OF TEXAS

APPROVED MAY 12, 1942                        By s/George W. Sparks
s/Grover Sellers                                George W. Sparks
FIRST ASSISTANT                                 Assistant
ATTORNEY GENERAL

Approved Opinion Committee By s/RWF Chairman