

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

October 24, 1947

**FAGAN DICKSON**
FIRST ASSISTANT

Hon. Ernest O. Thompson, Chairman
Railroad Commission of Texas
Austin, Texas

Opinion No. V-412

Re: Disposition of fees
received by the Com-
mission for licenses
issued under Article
6053, V.C.S., as af-
fected by rider con-
tained in S. B. 391,
Chapter 400, Acts of
50th Legislature,
1947.

Dear Sir:

The request of the Commission for an opinion
on the above subject reads, in part, as follows:

"A part of House Bill 792 and the amend-
ment contained in Senate Bill 269 provided in
part as follows:

"'All fees received by the State from
licenses issued under this Act shall
be made available to the Railroad Com-
mission for use in paying the legiti-
mate expenses incurred in administer-
ing and enforcing the provisions of
this Act, and for no other purpose;
provided, however, that any excess
funds remaining at the end of each
two-year period shall go to the Gen-
eral Fund.'

" . . .

"The rider, as adopted by the 50th Legis-
lature, reads as follows:

"'All fees received by the Railroad
Commission from licenses issued under

Chapter 2 (H. B. 792), Acts of the 46th
Legislature, during each of the fiscal
years beginning September 1, 1947, and
September 1, 1948, shall be paid to the
General Revenue Fund.'

" . . .

"Will you please answer the following ques-
tions:

"1.  Can the Legislature by an appro-
priation bill change or amend the general
laws or statutes of this State, particu-
larly that section of Article 6053 as above
set out?

"2.  If such cannot be done, is Sub-
section 8 of Section 2-B of Article 6053
still in effect, and can the Railroad Com-
mission use such funds (LPGas fees collect-
ed) as far as they are necessary to carry
out the provisions of the LPGas Act?"

The Forty-sixth Legislature at its regular
session in 1939 amended Article 6053, R.C.S., 1925, by
enacting Chapter 2, H. B. 792, Acts of 1939. Article
6053, supra, as amended by H. B. 792, provided a com-
prehensive system of regulation by the Railroad Commis-
sion for the design, installation, construction, and
operation of containers and equipment for the storage,
handling, and transportation of butane and liquefied
petroleum gases. The Act further provided for the pay-
ment of certain annual fees by persons coming within
its terms to the Railroad Commission, and Section 2b(8)
specifically provided as follows:

"All fees received by the State from
licensees issued under this Act shall be
made available to the Railroad Commission
for use in paying the legitimate expenses
incurred in administering and enforcing
the provisions of this Act, and for no oth-
er purpose; provided, however, that any
excess funds remaining at the end of each
two-year period shall go to the General
Fund."

The Forty-ninth Legislature, Regular Session, 1945, further amended Article 6053, supra, by enacting S. B. 269, Chapter 358. Section 18 of S. B. 269, which now appears as Section 18 of Article 6053, supra, reads and provides as follows:

"All fees received by the state from licenses issued under this Act shall be made available to the Railroad Commission for use in paying the legitimate expenses incurred in administering and enforcing the provisions of this Act, and for no other purpose; provided, however, that any excess funds remaining at the end of each two-year period shall go to the General Fund."

The State Departmental Appropriation Bill, Chapter 400, Acts of the 50th Legislature, Regular Session, 1947, contains a rider following the appropriations therein specified for the Gas Utilities and Liquefied Petroleum Inspection Division of the Commission which reads as follows:

"All fees received by the Railroad Commission from licenses issued under Chapter 2 (House Bill 792), Acts of the 46th Legislature, during each of the fiscal years beginning September 1, 1947, and September 1, 1948, shall be paid to the General Revenue Fund."

There can be no doubt that Article 6053, supra, is a general law. 2 Sutherland Statutory Construction 5, § 2102. Section 2b(8) of the 1939 amendment (H. B. 792, Chap. 2, Acts of 1939) and Section 18 of the 1945 amendment (S. B. 269, Chap. 358, Acts of 1945) use the same identical language; and it is clear from the language used in these two sections that the money received by the Commission for licenses issued under Article 6053, supra, was devoted to the special purpose of paying "the legitimate expenses incurred in administering and enforcing the provisions" of the Act and "for no other purpose." Such money was thereby removed from the General Revenue Fund, subject only to the provision regarding excess funds remaining at the end of each two-year period. Johnson v. Ferguson, 55 S. W. (2d) 153 (Tex. Civ. App., 1932).

The rider contained in Chapter 400, Acts of the 50th Legislature, Regular Session, 1947, and above

quoted, purports to transfer the license fee fund created and devoted to a special purpose by Article 6053, supra, to the General Fund. The rider is ineffectual to accomplish such purpose because it is no longer an open question that a rider attached to an appropriation bill cannot modify or repeal an existing general law. State v. Steele, 57 Tex. 200 (1882); Linden v. Finley, 92 Tex. 451, 49 S. W. 578 (1899); Moore v. Sheppard, 144 Tex. 537, 192 S. W. (2d) 559 (1946). Former opinions of the Attorney General have consistently so held.

Your first question is therefore answered in the negative.

In answering your second question, we call attention to the fact that Section 2b(8) of Article 6053, supra, as it existed as a result of the 1939 amendment (H. B. 792, Chapter 2) was replaced by Section 18 in the 1945 amendment (S. B. 269, Chapter 358). We therefore assume that you have reference to Section 18 of Article 6053, supra, and not Section 2b(8).

Article VIII, Section 6 of the Constitution of Texas, reads as follows:

"No money shall be drawn from the Treasury but in pursuance of specific appropriations made by law; nor shall any appropriation of money be made for a longer term than two years, except by the first Legislature to assemble under this Constitution, which may make the necessary appropriations to carry on the government until the assemblage of the sixteenth Legislature." (Emphasis ours)

This constitutional provision is not limited to funds paid into the General Fund, and applies to funds dedicated to a special purpose. Opinion O-700, dated May 5, 1939. Such constitutional provision controls all appropriations out of the State Treasury and money not appropriated by the Legislature cannot be withdrawn from the Treasury. Likewise, the appropriations made by the Legislature cannot be for a term in excess of two years. Pickle v. Finley, 91 Tex. 484, 44 S. W. 480 (1898); 38 Tex. Jur. 845, § 28.

The Legislature at its regular sessions in 1941, 1943, and 1945 specifically provided in the

appropriation bills that the fees received by the Railroad Commission for licenses issued under Article 6053, supra (H. B. 792, Chap. 2, Acts of 1939, as amended by S. B. 269, Chap. 358, Acts of 1945), were appropriated to the Commission for use in enforcing and administering the provisions of the Act.  See Acts of 47th Legislature, Regular Session, 1941, Chapter 571, p. 1274; Acts of 48th Legislature, Regular Session, 1943, Chapter 400, p. 1008; Acts of the 49th Legislature, Regular Session, 1945, Chapter 378, p. 929.  For some reason the Legislature did not see fit to appropriate this money to the use of the Commission for the two-year period beginning September 1, 1947.  See Acts of 50th Legislature, Regular Session, 1947, Chapter 400, p. 919.

It follows from what has been said above that although the general law (Article 6053, supra) had the effect of dedicating the fees authorized by said Act to the use of the Commission, such was not, and could not be effective as an appropriation of same to the use of the Commission more than two years later.  Johnson v. Ferguson, supra; Constitution of Texas, Art. VIII, Sec. 6.  The 50th Legislature not having appropriated the fees provided for in Article 6053, supra, to the use of the Commission for the two-year period beginning September 1, 1947, and ending August 31, 1949, the Commission cannot use such funds to carry out the enforcement and administration of the Liquefied Petroleum Gas Act (Art. 6053).

Your second question is therefore answered in the negative.

## SUMMARY

1.  The rider contained in an appropriation bill purporting to transfer certain funds previously dedicated by a general statute to a special purpose is ineffectual to transfer such special fund to the General Revenue Fund of the State (construing rider contained in Chapter 400, page 919, Acts of 50th Legislature, 1947, regarding transfer of special funds created by Article 6053, R.C.S., 1925, as amended, to General Fund).

2. Funds dedicated by a general statute to a special purpose must be appropriated by the Legislature in accordance with Article VIII, Section 6 of the Constitution of Texas before such funds may legally be used.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *W. V. Geppert*
W. V. Geppert
Assistant

By *Charles D. Mathews*
Charles D. Mathews
Assistant

WVG:CDM:jt

APPROVED:

*Fagan Dickson*
FIRST ASSISTANT ATTORNEY
GENERAL