

# THE ATTORNEY GENERAL
# OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

October 10, 1951

Hon. Leon Jaworski, President
Texas Civil Judicial Council
Houston 2, Texas

Opinion No. V-1312

Re: Amount appropriated for
research and expenses of
the Civil Judicial Coun-
cil during the biennium
ending August 31, 1953.

Dear Sir:

You have requested an opinion of this office re-
lating to the following provisions in the general appropri-
ation bill for the biennium ending August 31, 1953:

"TEXAS LEGISLATIVE COUNCIL

"Subject to the provisions appearing
at the end of this Article there is hereby
appropriated out of the General Revenue
Fund to the Texas Legislative Council for
each of the fiscal years of the biennium
ending August 31, 1953, the sum of Fifty-
five Thousand Dollars ($55,000) for the
payment of salaries and other necessary
expenses in carrying out the provisions of
Senate Bill No. 316, Acts of the Regular
Session, Fifty-first Legislature, 1949.
Any unexpended balance remaining at the end
of the fiscal year August 31, 1952, is here-
by reappropriated to the Texas Legislative
Council for the fiscal year ending August
31, 1953, for the purposes set out above.

"It is further provided that, out of
the appropriation herein made to the Texas
Legislative Council a maximum of Three Thou-
sand Dollars ($3,000) shall be expended by
the Civil Judicial Council for research and
expenses (per Senate Bill No. 52, First
Called Session, Forty-first Legislature)."
H. B. 426, Acts 52nd Leg., R.S. 1951, ch.
499, p. 1228, at p. 1378.

Your specific question is whether the above provision appropriates $3,000 for each fiscal year or $3,000 for the biennium to the Civil Judicial Council.

We are of the opinion that the language used in making the appropriation to the Civil Judicial Council is ambiguous because there are two appropriations to the Legislative Council -- one for each fiscal year. The phrase "out of the appropriation herein made" could be interpreted to mean that the Civil Judicial Council is to receive $3,-000 out of the appropriation made each year to the Legislative Council or $3,000 out of the total appropriation to the Legislative Council for the biennium. When there is an ambiguity in a statute, the intent of the Legislature must be ascertained and that intent carried out in interpreting the ambiguous language. Lone Star Gas Co. v. State, 137 Tex. 279, 153 S.W. 2d 681 (1941). Our only guide to the legislative intent is the past legislative history of the Civil Judicial Council and the appropriations previously made to this Council.

The Civil Judicial Council was established by a general statute passed by the Legislature in 1929. S.B. 52, Acts 41st Leg., 1st C.S. 1929, ch. 19, p. 51 (Art. 2328a, V.C.S.). The Act makes provision for appointing council members and sets forth the duties to be performed. Among the provisions are the following:

"Sec. 5, It shall be the duty of the Council:

". . .

"5. To make a complete detailed report, on or before December 1st of each year, to the Governor and to the Supreme Court, of all its proceedings, suggestions and recommendations, and such supplemental reports from time to time as the Council may deem advisable. All such reports shall be considered public reports and may be given to the press as soon as filed.

"6. To make investigations and reports upon such matters, touching the administration of civil justice as may be referred to the Council by the Supreme Court or the Legislature.

"7. To hold one meeting in each calendar year, and such other meetings as may be ordered

by the Council or under its authority, and at
such time and place as may be designated by it
or under its authority; provided, that the
first meeting of said Council shall be held
prior to October 6, 1929, upon call of its
president.

"  .  .  .

"Sec. 7.   No member of the Council shall
receive any compensation for his services as
such member, but shall be paid his actual
traveling and other necessary expenses in-
curred in the discharge of his duties as such
member to be paid upon verified, itemized ac-
count approved by the President of the Coun-
cil.   The necessary clerical expenses of the
Council and its officers and committee shall
be paid in like manner."

Thus, it is seen that the act requires certain
yearly reports and meetings and provides that the neces-
sary clerical and other expenses shall be paid by the
State.   However, this is not an appropriation, and the
Legislature has the power to appropriate or to refuse
to appropriate the necessary money.   State v. Steele,
57 Tex. 200 (1882); Linden v. Finley, 92 Tex. 451, 49
S.W. 578 (1889); Att'y Gen. Op. V-1267 (1951).   Except
for the depression years of 1933-34, the Legislature has
appropriated money to the Civil Judicial Council for each
fiscal year of its operation.   Since 1945 the appropria-
tion has been $3,000 per fiscal year.

The rider in the general appropriation bill
states that the appropriation therein made is for research
and expenses "per Senate Bill No. 52, First Called Session,
Forty-First Legislature."   The appropriation is therefore
to be expended in part for the expenses of the required
yearly reports and meetings.   In the light of the above
provision and the general history of legislative appropri-
ations per fiscal year since the establishment of the Coun-
cil, we are of the opinion that the ambiguous language must
be interpreted as appropriating to the Civil Judicial Coun-
cil $3,000 out of the appropriation made to the Legislative
Council each year, or a total of $6,000 for the biennium.

## SUMMARY

The provision in the general appropriation bill (H.B. 426, Acts 52nd Leg., R.S. 1951, ch. 499, p. 1228, at p. 1378) making an appropriation to the Civil Judicial Council is ambiguous. In the light of the statutory requirements of yearly reports and meetings and the legislative history of having always made the appropriation per fiscal year, the ambiguous language must be interpreted as appropriating $3,000 per fiscal year to the Civil Judicial Council.

APPROVED:

C. K. Richards
Trial & Appellate Division

Jesse P. Luton, Jr.
Reviewing Assistant

Everett Hutchinson
Executive Assistant

EWT:et

Yours very truly,

PRICE DANIEL
Attorney General

By *E. Wayne Thode*
E. Wayne Thode
Assistant