

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 24, 1959

Mr. John H. Winters, Commissioner
State Department of Public Welfare
Austin 14, Texas

Opinion No. WW-739

Re: Computation of travel
allowance on the basis
of the shortest route
between points, under
provisions of House
Bill 4, 56th Legisla-
ture, 3rd Called Ses-
sion, and Senate Bill
272, Acts of the 56th
Legislature, Regular
Session.

Dear Mr. Winters:

We quote as follows from your recent letter:

"In computing transportation allowances
for employees in the State Department of Pub-
lic Welfare, the mileage for travel reimburse-
ment purposes was computed in accordance with
Subsection a, Section 32 of Article V of House
Bill No. 4, Acts of the 56th Legislature,
Third Called Session, and in accordance with
Subsection c of Section 6 of Senate Bill No.
272, Acts of the 56th Legislature, Regular
Session.

"The travel expense accounts of some of
the employees for the month of September were
returned by the State Comptroller of Public
Accounts on the basis that the mileage for
reimbursement purposes had to be computed in
accordance with Subsection a of Section 32,
Article V of House Bill No. 4 and that re-
imbursement could not be made for travel on
the basis of computations in accordance with
Subsection c, Senate Bill No. 272. It is our
understanding that the Comptroller of Public
Accounts considered that there was no appro-
priation for travel computation on the basis

of the aforementioned Section of Senate Bill
No. 272; but, on the other hand, the computa-
tion had to be on the basis of the shortest
route between points based upon the mileage
indicated on the Farm-to-Market roads as
provided in House Bill No. 4.

"...

"In addition to the foregoing questions
pertaining to computation of mileage, we wish
to raise another question which, although
slightly different, is related.  In determin-
ing which is the shortest practical route be-
tween points, not only the question of the
shortest distance but also the question of
practicability is involved; for example, the
State highway from Austin to Dallas using the
super highway around Waxahachie embodies the
distance of 199 miles.  By 'cutting off' of
the super highway and going through the busi-
ness district of Waxahachie, the shortest
distance is 197 miles.  The Comptroller has
cut back some of the expense accounts for
similar reasons and one in particular in-
volving this illustration.

"It is our interpretation that it was
more practical to use the super highway than
to go through the town of Waxahachie thereby
saving two miles in order to use the shortest
route which, in this instance, did not comply
with the 'shortest practical route.'  (Emphasis
already added).

"Subsection c of Section 6 of Senate Bill
No. 272 and Subsection a, Section 32, Article V
of House Bill No. 4, both provide that the latest
official highway map as published and released
by the State Highway Department shall be used in
computing mileage for travel reimbursement; how-
ever, the Comptroller has prescribed that the
Trucker's Guide shall be used in computing mile-
age.

"...

"We will appreciate your reviewing these
Sections of the Laws and your giving us your

interpretation as to how the mileage should be computed by the employees of the State Department of Public Welfare for transportation reimbursement purposes.

"..."

Subsection c of Section 6 of Senate Bill 272, Acts of the 56th Legislature, Regular Session, 1959, provides as follows:

"In determing transportation reimbursements for travel by private conveyance, the Comptroller shall base reimbursement on mileage along the shortest practical route between point of origin and the destination via intermediate points at which official state business is conducted and other necessary mileage at points where official state business is conducted. The most recent annual official highway map as published and released by the State Highway Department shall be used by the Comptroller in computing the amounts of reimbursement for transportation by personal car within the State. In computing distances in excess of fifty miles, officially designated state and federal highways shall be used in determining the shortest practical route between the point of origin and the point of destination via intermediate points at which official state business is conducted and other necessary mileage at points where official state business is conducted. In computing distances of fifty miles or less, state and federal highways and Farm-to-Market roads shall be used by the Comptroller in determining the shortest practical route between the point of origin and the point of destination via intermediate points at which official state business is conducted and other necessary mileage at points where official state business is conducted."

Section 32 of Article V of House Bill 4, Acts of the 56th Legislature, Third Called Session, provides in part as follows:

"TRANSPORTATION ALLOWANCE. None of the moneys appropriated by this Act for travel expense may be expended to reimburse costs of transportation on official business except in compliance with the

following conditions, limitations, and rules:

"a.   The rate of such reimbursement shall be
eight (8) cents per mile for the employee's per-
sonally owned conveyance.  None of the moneys ap-
propriated for travel expense for mileage within
the State of Texas for use of personally owned
automobiles shall be expended unless the shortest
route between points is used.  This shall also
include the use of Farm-to-Market roads.

"In accordance with the provisions of Senate
Bill No. 272, Acts of the Fifty-sixth Legislature,
the latest official highway map as published and
released by the State Highway Department shall
mean the official map in use at the close of each
fiscal year."

Both of the acts referred to above became effective
September 1, 1959.

Senate Bill 272 is clearly a general law.  The act
does not mention Farm-to-Market roads in specifying the types
of roads which the Comptroller is to use in computing distances
in excess of fifty (50) miles.  It is a well known rule of statu-
tory construction that the express mention of one thing in an
act is tantamount to an express exclusion of all others.  39
Tex.Jur. 188, Statutes, Sec. 100.  The validity of this con-
struction is confirmed here by the express mention of Farm-
to-Market roads among the types of roads that are to be used
in computing distances of fifty (50) miles or less.  Hence,
it is seen that Senate Bill 272 requires the Comptroller in
determining reimbursements for travel by private conveyance
to use only State and Federal highways in computing distances
in excess of fifty (50) miles and to use Farm-to Market roads
as well as State and Federal highways in computing distances of
fifty (50) miles or less.

Therefore, if the quoted portion of House Bill 4, the
General Appropriation Bill, means that the Comptroller is to
use Farm-to-Market roads in addition to State and Federal high-
ways in computing distances in excess of fifty (50) miles, it
is in conflict with and attempts to amend a general statute.
To the extent of such conflict and attempted amendment, the
quoted portion s  f the appropriation bill would be ineffectual
because a provision of an appropriation bill is powerless to
amend or modify or repeal an existing general law.  State v.
Steele, 57 Tex. 200 (1899); Moore v. Sheppard, 144 Tex. 537

192 S.W.2d 559 (1946); Attorney General's Opinions V-412 (1947); V 1304 (1946); and V-1254 (1951).

Provisions of a general appropriation bill which detail, limit and restrict the use of funds therein appropriated are invalid when in conflict with general legislation or where they amount to general legislation. Conley v. Daughters of the Republic, 106 Tex. 80, 156 S.W. 197 (1913); Attorney General's Opinion V-1254 (1951).

But, in our opinion, the provisions in question are not in conflict when read together. It is a settled rule of statutory interpretation that statutes dealing with the same general subject are considered in pari materia and will therefore be read and construed together as though they were parts of the same law, all parts thereof being harmonized, if possible. 39 Tex.Jur. 253, Statutes, Sec. 135. This rule applies with even greater force to acts passed at the same session of the Legislature. 39 Tex.Jur. 259, Statutes, Sec. 137.

When so read it is apparent that Section 32 of House Bill 4, in providing "None of the moneys appropriated for travel expense for mileage within the State of Texas for use of personally owned automobiles shall be expended unless the shortest route between points is used," means that none of the moneys appropriated for such purpose shall be expended except for claims computed on the shortest practical route based on Farm-to-Market roads, State highways and Federal highways where the distance is fifty (50) miles or less and based only on State and Federal highways where the distance is in excess of fifty (50) miles.

By "shortest route" the quoted portion of House Bill 4 must be referring to the shortest route which the Comptroller is allowed by law, namely Senate Bill 272, to compute. The absurdity of otherwise construing the phrase is seen when the phrase is sought to be applied literally and without reference to the other statute on the same subject. The phrase would include not only county roads, but all other paths and traces which might conceivably be negotiated by an automobile. But a Court will never adopt a construction that will make a statute absurd or ridiculous if the language is susceptible of any other meaning. 39 Tex.Jur. 222, Statutes, Sec. 118.

The sentence in House Bill 4, "This shall also include the use of Farm-to-Market roads," is in no way inconsistent with Senate Bill 272 in that the "shortest route," as we have construed that phrase, does include the use of Farm-to-Market roads. It includes Farm-to-Market roads where the distance is

fifty (50) miles or less. Moreover, House Bill 4 does not elsewhere detail the manner in which distance is computed as was done in Senate Bill 272, and the subject sentence similarly avoids an express recapitulation of the situations wherein Farm-to-Market roads are to be used in computing distance. The sentence thus reveals a consistent generality rather than a specific limitation.

Accordingly, we are of the opinion that under the quoted portion of House Bill 4, in determining the amounts of reimbursement for travel by personal auto in this State, the computation of distances in excess of fifty (50) miles is to be based on the shortest practical route using State and Federal highways and not Farm-to-Market roads.

The question of what is the "shortest practical route" in a particular situation involves a determination of fact which this department is not authorized to make, our function being to set forth the legal principles by which the Comptroller and the claimant are to be governed in determining the "shortest practical route."

It is clear that directness is not the sole criterion in determining the "shortest practical route." Such factors as time and road conditions must be considered along with directness in determining the practicability of a route.

From both of the acts, it is manifest that the route for which reimbursement is sought must be shown on the latest official highway map as published and released by the Texas Highway Department. The most recent annual official highway map as published by the State Highway Department is, in our opinion, the only authority upon which the Comptroller is authorized to rely in computing mileage forpurposes of reimbursement. Neither of the acts considered here mention any other book, map or reference which the Comptroller might use to establish mileage. On the contrary, both of the acts are quite explicit in providing that the Comptroller shall use the State Highway Department map. By so providing, these acts restricted the Comptroller to such map in light of the "Expressio Unius" rule of statutory construction. 39 Tex.Jur. 188, Statutes, Sec. 100.

## SUMMARY

Under Subsection c of Section 6 of Senate
Bill 272, Acts of the 56th Legislature,

Regular Session, and Section 32 of
Article V of House Bill 4, Acts of
the 56th Legislature, Third Called
Session, the computation of distances
in excess of fifty (50) miles, in
determining the amounts of reimburse-
ments for travel by personal auto in
this State, shall be based on the
shortest practical route using State
and Federal highways and not Farm-to-
Market roads. The question of what is
the shortest practical route in a parti-
cular situation involves a fact deter-
mination which this department is not
authorized to make. Under said acts
the computation of mileage shall be
based only on the latest official highway
map as published and released by the
Texas Highway Department.

Very truly yours,

WILL WILSON
Attorney General of Texas

By
Henry G. Braswell
Assistant

HGB:mg:mfh

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Dean C. Davis
Robert G. Scofield
Marietta Payne

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore