# THE ATTORNEY GENERAL
# OF TEXAS
**ATTORNEY GENERAL**


April 3, 1961

Colonel Thomas C. Green
Member Secretary
Texas State Board of
  Registration for Pro-
  fessional Engineers
Austin, Texas

Dear Colonel Green:

Opinion No. WW-1027

Re: Whether a transfer of funds
    from the Professional Engi-
    neers' License Fund to the
    fund for the General Operat-
    ing Expenses of A & M College
    is legally authorized.

You have asked the question of whether a transfer of funds from the Professional Engineers' License Fund to the fund for the General Operating Expenses of A & M College is legally authorized.

The specific item involved appears in the General Appropriation Bill, House Bill 4, Acts of the 56th Legislature, Third Called Session, 1959, Chapter 23, Page 610, and is quoted as follows:

| | "For the Years Ending | |
| "... | August 31, 1960 | August 31, 1961 |
| "8. To assist in the operation and maintenance of the Texas Engineers Library at A & M College, upon the order of the Chairman of the Board of Registration for Professional Engineers, attested to by the Secretary of the Board, the Comptroller shall transfer from the Professional Engineers' License Fund to the appropriation item for General Operating Expenses of A & M College, the sum of . . . . . . . . . . . . . . | $37,500 | $37,500 |

"..."

The provisions of Article 3271a, Vernon's Civil Statutes, set forth the general law pertaining to the Registration of Professional Engineers. Under this Article, there is provided for the creation and existence of a State Board whose duty it is "to administer the provisions of this Act." The Act prescribes the duties of the Board as being the licensing of professional engineers, and the enforcement of the regulatory provisions of the Act. Section 8, Article 3271a, Vernon's Civil Statutes, provides:

> "The Board shall have the power to make all by-laws and rules, not inconsistent with the Constitution and laws of this State, which may be reasonably necessary for the proper performance of its duties and the regulations of the proceedings before it. The Board shall adopt and have an official seal. The Board shall have such additional power as may be conferred by other provisions of this Act."

The Act in Section 9, Article 3271a, Vernon's Civil Statutes, creates a special fund, and provides that:

> "The Secretary of the Board shall receive and account for all moneys derived under the provisions of this Act, and shall pay the same weekly to the State Treasurer who shall keep such moneys in a separate fund to be known as the 'Professional Engineers' Fund'. Such fund shall be paid out only by warrant of the State Comptroller upon the State Treasurer, upon itemized vouchers, approved by the Chairman and attested by the Secretary of the Board. All moneys in the 'Professional Engineers' Fund' are hereby specifically appropriated for the use of the Board in the administration of this Act. . . . The Board shall employ such clerical or other assistants as are necessary for the proper performance of its work, and may make expenditures of this fund for any purpose which in the opinion of the Board is reasonably necessary for the proper performance of its duties under this Act. . . ."

Clearly, Article 3271a, Vernon's Civil Statutes, is a general law; it is also clear from the language in the provisions quoted above that the money received by the Board was devoted to the special use or purpose of paying the legitimate

expenses incurred in administering and enforcing the provisions of the Act as prescribed therein.

The Legislature cannot by an appropriation bill change the general law, therefore the Legislature cannot divert special funds to another fund by an appropriation bill without first amending the general law creating the special fund. Attorney General's Opinions No. V-412 (1947) and No. V-1304 (1951). In addition to appropriating money and stipulating the amount, manner, and purpose of the various items of expenditure, a general appropriation bill may contain any provisions or riders which detail, limit or restrict the use of the funds or otherwise insure that the money is spent for the required activity for which it is therein appropriated, if the provisions or riders are necessarily connected with and incidental to the appropriation and use the funds, and provided they do not conflict with general legislation. Attorney General's Opinion No. V-1254 (1951).

It is no longer an open question that an appropriation bill cannot modify or repeal an existing general law. State v. Steele, 57 Tex. 200 (1882); Linden v. Finley, 92 Tex. 451, 49 S.W. 578 (1899); Moore v. Sheppard, 144 Tex. 537, 192 S.W.2d 559 (1946).

Nor can such a transfer be sustained as a service transfer. Attorney General's Opinion No. WW-573 (1959). The validity of service transfers depends upon one agency performing general administrative services, etc., for another element of the government which are consistent with the purposes and duties imposed by law upon the agency receiving those benefits. The benefits performed must aid the receiving agency in the performance of its duties as prescribed by law.

We have been unable to find any provision in Article 3271a or any other statute which would permit, authorize, or obligate the Board of Registration for Professional Engineers to create, maintain, or operate a library at A & M College, or to assist in the operation and maintenance of such a library owned and operated by A & M. Nor is there any statutory language that can be reasonably construed to imply that the duties or powers of the Board are such.

Further, we have been unable to find any constitutional or statutory provision whereby A & M College is

permitted or authorized to perform any service for the Board of Registration which would either directly or indirectly aid or benefit the Board in the performance of its duly prescribed duties and tasks.

The duties of the Board are those of licensing and regulating. A transfer of funds to A & M College would be contrary to the purpose for which the money was dedicated by the general law.

Since the purposes of the attempted transfer are not supported by existing legislation but are in fact in conflict with the general law, the transfer cannot be sustained. We answer your question in the negative.

### S U M M A R Y

A transfer of funds by an appropriation bill from the Professional Engineering License Fund to the fund for the General Operating Expenses of A & M College is unauthorized.

Yours very truly,

WILL WILSON
Attorney General of Texas

By William H. Pool, Jr.
William H. Pool, Jr.
Assistant

WHPjr:mm/hmc

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

W. O. Shultz
William E. Allen
W. Ray Scruggs
Raymond V. Loftin, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY: Morgan Nesbitt