

# THE ATTORNEY GENERAL

## OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

February 4, 1971

Honorable Preston Smith
Governor of Texas
Capitol Building
Austin, Texas    78711

Dear Governor Smith:

Opinion No. M-782

Re:  Questions relative to dis-
     bursement of Federal funds
     granted the State pursuant
     to the Omnibus Crime Control
     and Safe Streets Act of 1968.

Your request for an opinion asks the following
questions:

"(1) The Texas Criminal Justice Council re-
spectfully requests an opinion as to whether or
not the State Comptroller can issue a warrant
payable to a non-profit agency, such as the
Vocational Guidance Service, when such warrant
has been requested by the Texas Criminal Justice
Council in the normal course of their business
to be drawn on federal funds deposited with the
State Treasurer and the payment of such funds
is to be made for the purposes of a discretionary
grant of Federal monies and by authority of and
in compliance with P.L. 90-351, Title I, Omnibus
Crime Control and Safe Streets Act of 1968 and
to accomplish the objectives of the 1970 State
Plan as approved by the Law Enforcement Assistance
Administration.

"(2) The Texas Criminal Justice Council re-
spectfully requests an opinion as to whether or
not the State Comptroller can issue a warrant
payable to an educational institution, to-wit:
a non-state supported university, college or
junior college either within or without the State
of Texas, such as Southern Methodist University,
when the warrant is requested by the Texas Criminal
Justice Council in the normal course of business
to be drawn on Federal funds deposited with the
State Treasurer and such payment is to be made to
the educational institution for educational and/or

-3807-

training services to be rendered in accordance with the terms of the grant application approved by the Texas Criminal Justice Council and for the purposes of the Federal grant and by authority of and in compliance with P.L. 90-351, Title I, Omnibus Crime Control and Safe Streets Act of 1968 and to accomplish the objectives of the State Plan as approved by the Law Enforcement Assistance Administration.

"(3) The Texas Criminal Justice Council respectfully requests an opinion as to whether or not the State Comptroller can issue a warrant payable to a non-profit corporation, such as the Texas District and County Attorneys Educational Foundation, when the warrant is requested by the Texas Criminal Justice Council in the normal course of their business to be drawn on Federal funds deposited with the State Treasurer and such payment to the non-profit corporation is to be made for educational and/or training services rendered in accordance with the terms of the grant application approved by the Texas Criminal Justice Council and for the purposes of the Federal grant and by authority of and in compliance with P.L. 90-351, Title I, Omnibus Crime Control and Safe Streets Act of 1968 and to accomplish the objectives of the 1970 State Plan as approved by the Law Enforcement Assistance Administration.

"(4) The Texas Criminal Justice Council respectfully requests an opinion as to whether or not the State Comptroller can issue a warrant payable to an individual or individuals, who are employees or elected officials in the criminal justice system, as reimbursement for travel, subsistence, tuition, fees, costs of materials used, etc., previously incurred for educational and/or training purposes when such warrant is requested by the Texas Criminal Justice Council in the normal course of their business to be drawn on Federal funds deposited with the State Treasurer and such payment is to be made in accordance with the terms of the grant application approved by the Texas Criminal Justice Council and for the purposes of the Federal grant and by authority of and in compliance with P.L. 90-351, Title I, Omnibus Crime Control and Safe

Streets Act of 1968 and to accomplish the objectives
of the 1970 State Plan as approved by the Law En-
forcement Assistance Administration."

The Texas Criminal Justice Council is a planning agency
in the Governor's office created by an Executive Order dated
October 18, 1968, charged with the administration and disburse-
ment of Federal funds made available through the Law Enforcement
Assistance Administration, provided for by the provisions of P.L.
90-351, Title I (Omnibus Crime Control and Safe Streets Act of
1968). The Texas Criminal Justice Council is financed by funds
appropriated to the Governor in Item 11 of the current General
Appropriations Act to the Governor's office which reads as follows:

| | "For the Years Ending | |
|---|---|---|
| | August 31, 1970 | August 31, 1971 |
| "11. To provide from the General Revenue Fund for special planning projects and studies including but not limited to Comprehensive Health Planning, Texas Criminal Justice Council, Coastal Resources Study, State Economic Study, Manpower Development, and Governor's Committee on Human Relations, including salaries of exempt and classified positions, professional fees and services, part-time and seasonal help, travel, consumable supplies and materials, current and recurring operating expenses, capital outlay, planning grants, and all other activities for which no other provisions are made. | $ 585,000 | $ 644,728 & U.B." |

Section 25 of Article V of the current General Appro-
priations Act provides in part as follows:

"All funds received from the United States
Government by the agencies of the State named in
this Act are hereby appropriated to such agencies
for the purposes for which the Federal grant, al-'
location, aid, or payment was made, subject to the
provisions of this Act . . . ."

Each disbursement contemplated by your four questions
is in compliance with planning grant applications which have been
approved and is for the purposes for which the Federal grant is
made. Therefore the Comptroller may issue such warrants unless
prevented by some constitutional or statutory restriction.

In view of the provisions of Section 25 of Article V
of the current General Appropriations Act, above quoted, Federal
grants received by the Texas Criminal Justice Council are de-
posited in the State Treasury to be expended for the purposes
for which the grant was made.

Section 6 of Article VIII of the Constitution of Texas
provides that no money shall be drawn from the Treasury but in
pursuance to specific appropriations made by law. Pickle v.
Finley, 91 Tex. 484, 44 S.W. 480 (1898). See also State v.
Steele, 57 Tex. 200 (1882); Linden v. Finley, 92 Tex. 451, 49
S.W. 578 (1899).

In the instant case the moneys in question have been
appropriated for the purposes of the Federal grant and such
appropriation authorizes the withdrawal of the money from the
Treasury for such purposes. The only question remaining is
whether the issuance of a warrant payable to a nonprofit agency
such as the Vocational Guidance Service, a nonprofit United Fund
agency in Houston, Texas, providing comprehensive rehabilitative
services to adjudicated delinquent boys and preventive services
for other boys with a potential for delinquency, violates the
provisions of Section 51 of Article III of the Constitution of
Texas, prohibiting the "making of any grant of public moneys to
any individual, association of individuals, municipal or other
corporations whatsoever . . ." It is well settled that the pur-
pose of this section is to prevent the application of public
funds to private purposes. State v. City of Austin, 160 Tex. 348,
331 S.W.2d 737 (1960); City of Aransas Pass v. Keeling, 112 Tex.
339, 247 S.W. 818 (1923); Jones v. Williams, 121 Tex. 94, 45
S.W.2d 130 (1931); Byrd v. City of Dallas, 118 Tex. 28, 6 S.W.2d
738 (1928).

A similar question regarding disbursement of Federal

funds deposited with the State Treasury to colleges and universities for teacher training was involved in Attorney General's Opinion C-474 (1965).  It was there held that payments to colleges and universities which provided teacher training under a State plan approved by the Texas Education Agency and the United States Government were valid and that such payments would not violate Section 51 of Article III of the Constitution of Texas.  After reviewing authorities it was held:

> "Thus it appears that your inquiry resolves itself into a question of whether the payment of these funds to enable teachers to obtain professional training in areas of mental retardation, emotional disturbance, speech and hearing impairment, whereby they will be better trained to teach such exceptional children, is logically within the meaning of applying 'public funds to a private purpose.'  We think that it is not."

Likewise it was held in Attorney General's Opinion V-1067 (1950):

> "In determining whether an expenditure of public monies constitutes a gift or a grant of public monies, 'the primary question is whether the funds are used for a "public" or "private" purpose.  The benefit of the State from an expenditure for a "public purpose" is in the nature of consideration and the funds expended are therefore not a gift even though private persons are benefited therefrom.'  Alameda County v. Janssen, 16 Cal.2d 276, 106 P.2d 11, 130 A.L.R. 1141 (1940)."

In view of the foregoing we are of the opinion that the issuance and payment of warrants outlined in your four questions do not violate Section 51 of Article III of the Constitution of Texas.  You are accordingly advised that payments may not only be made to public or state supported institutions, but also to non-profit organizations, to non-state supported universities, colleges and junior colleges, as well as to individuals who are employees or elected officials in the criminal justice system, provided the payment and expenditure of such warrants is for the purpose for which the Federal grant is made.

Your request as well as the accompanying documents outline material facts showing such payment is to be made in

accordance with the terms of each grant application and for the purposes of the Federal grant and by authority of and in compliance with the Omnibus Crime Control and Safe Streets Act of 1968. Therefore, each question is answered in the affirmative.

## S U M M A R Y

Pursuant to the provisions of Section 25 of Article V of House Bill 2, Acts 61st Leg. 1969, 2nd C.S., disbursement of Federal grants deposited in the State Treasury pursuant to the provisions of P.L. 90-351, Title I, Omnibus Crime Control and Safe Streets Act of 1968, can be made by issuance of warrants by the Comptroller of Public Accounts payable not only to public or state supported institutions, but also to nonprofit corporations and associations, non-state supported educational institutions, and individuals who are employees or elected officials in the criminal justice system so long as such payment and expenditure is made in accordance with the terms of the grant application and for the purposes of the Federal grant. Such payment is for a public or governmental purpose and would not violate Section 51 of Article III of the Constitution of Texas.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Ben Harrison
Linward Shivers
Austin Bray, Jr.
James Broadhurst

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant